### GETHIN v. W. R. GRACE & CO.

(Supreme Court, Appellate Term, First Department. May 18, 1915.)

MASTER AND SERVANT ☞6—EXISTENCE OF RELATION—EVIDENCE.

In an action for wrongful discharge from employment, evidence *held* to show that it was understood by both parties that plaintiff was employed by defendant's principal, and that defendant acted only as agent, relieving him from liability.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. ☞6.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Stanley A. Gethin against W. R. Grace & Co. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Gillespie & O'Connor, of New York City (Harold H. O'Connor and Nicholas A. Donnelly, both of New York City, of counsel), for appellant.

Joseph Nemerov, of New York City (Graham McAdam, of New York City, of counsel), for respondent.

PENDLETON, J. The action was for wrongful discharge. Plaintiff, claiming to have been employed for one year, seeks to recover the

salary earned up to the time of discharge and damages for the loss of the balance of his contract. · Plaintiff, who had originally been employed by defendant, was afterwards transferred to a company known as the Nitrate Agencies, Limited, doing business in South America, which company represented, as agent, the defendant in certain parts of South America, and defendant acted as its agents in New York. After remaining in the employ of this company at Inquigue, Chile, for some time, plaintiff became sick and gave up his position and came back to New York, and after recovering went to defendant's office to see if he could get re-employment in South America. Defendant cabled the Nitrate Agencies Company, asking if they should send him back, and asking, if so, on what terms, and received an affirmative answer, naming the amount of salary. This was communicated to plaintiff, and thereupon he says he had a conversation with the president of defendant, at which time he says he was employed.

The crucial question, so far as this case is concerned, is whether the employment was by defendant or by the Nitrate Agencies Company. Plaintiff contends it was by defendant. Defendant, on the other hand, claims it was only an agent, and that plaintiff knew he was engaged by the Nitrate Agencies. Plaintiff does not claim that in his conversation with Mr. Grace the precise question was specifically discussed as to who the employer was. He says Mr. Grace told him "he had received a reply from Garnay," Garnay it is shown, was the Secretary of the Nitrate Agencies, and that "I was to go down to South America, as soon as possible." The conversation as testified to by plaintiff is not inconsistent with defendant's contention. It is not disputed that plaintiff knew of the cables; that therefore his employment and salary were fixed thereby. It was only after receipt of these cables that he had his talk with Mr. Grace, and Mr. Grace's statement above quoted plainly indicated he was acting for the Nitrate Agencies. Plaintiff also signed a receipt for an advance on account, in which it is expressly stated that it is for account of the Nitrate Agencies. The only possible conclusion from the evidence is that it was understood by both parties that he was being re-employed by his former employer, the Nitrate Agencies Company, and that defendant acted in the matter only as an agent for and after communicating with the principal by cable.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.